**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4079**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PHIL JEMAR GRAHAM, a/k/a Touche,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:05-cr-01210-TLW)

Submitted:  October 17, 2007          Decided:  November 5, 2007

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phil Jemar Graham pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000). The court sentenced Graham to 192 months in prison, and Graham timely appeal. Graham's attorney filed a brief in accordance with Anders v. California, 386 U.S. 739 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Graham's guilty plea, and whether Graham's sentence was unreasonable. The Government did not file a reply brief, and although advised of his right to do so, Graham did not file a pro se supplemental brief. Finding no reversible error, we affirm.

Graham suggests that the district court erred by not fully complying with Fed. R. Crim P. 11 at the guilty plea hearing. Contrary to this assertion, the district court meticulously followed Rule 11 to ensure that Graham fully understood the significance of his guilty plea and that the plea was knowing and voluntary. Graham testified that he was of sound mind and was not under the influence of drugs or alcohol, and the court found him competent to enter a plea. Graham had discussed his charges and consulted with his attorney and was satisfied with the services rendered. Counsel summarized the terms of the plea agreement for

-2-

the court, and Graham agreed that those were its terms. Graham agreed that the plea agreement represented the entire agreement between the parties; that no one had made promises to him other than what was written therein; that no one forced him to plead guilty; that no one had promised him a particular sentence; that his sentence would be determined after the presentence report was completed; that the guidelines were advisory; and that the judge could sentence him to a punishment more or less severe than the guidelines range. The court explained relevant conduct, and informed Graham that he could be held responsible for acts of co-conspirators and that such conduct could be used to enhance his sentence. Graham agreed that if his sentence was more severe than he expected, he was still bound by his plea and would not be permitted to withdraw it. Graham also agreed that by pleading guilty, he was indeed guilty of the charges, he admitted the facts surrounding the charges, he waived any defenses and any defects in the proceedings, and he was giving up his rights to a jury trial. The court explained the maximum penalties for each count facing Graham. The court found Graham's plea was knowing and voluntary, and accepted the plea of guilty. The district court fully complied with its Rule 11 obligations and we conclude this claim is meritless.

Graham next suggests that the district court erred by violating the requirements of 18 U.S.C.A. § 3553(a) (West 2000 &

Supp. 2007) in fashioning a sentence. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). "The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" Moreland, 437 F.3d at 432 (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)).

Here, the district court sentenced Graham post-Booker and appropriately treated the guidelines as advisory. The court sentenced Graham after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker. Graham's sentencing guidelines range, to which he did not object,

-4-

was initially calculated using offense level 34 and criminal history category VI, yielding a guidelines range of 262 to 327 months. He was subject to a statutory minimum term of twenty years and a statutory maximum of life. 21 U.S.C. §§ 841(b)(l)(B), 851 (2000). The court granted the Government's motion for a downward departure, reducing the offense level to 30. The resulting guidelines range was 168 to 210 months. Graham's 192-month sentence fell squarely within that range. The court explained that it had taken the sentencing guidelines and § 3553(a) factors into account, and the sentence imposed was based upon Graham's prior record and continued involvement in drug activity.

Neither Graham nor the record suggests any information so compelling as to rebut the presumption that his sentence was reasonable. Upon review of the record, we conclude that the sentence was reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Graham's conviction and sentence. This court requires that counsel inform Graham, in writing, of the right to petition the Supreme Court of the United States for further review. If Graham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Graham.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>